## P. F. TULLY, Respondent, v. M. TRANOR, Appellant.*

### No. 5040; October 12, 1877.

Conversion—Measure of Damages.—The Amendment to Section 3336 of the Civil Code, whereby one suing with reasonable diligence for the wrongful conversion of personal property could no longer assess the detriment presumable as at the highest market value between the conversion and the verdict, was intended to be retrospective.

Conversion—Measure of Damages.—The Amendment to Section 3336 of the Civil Code, whereby one suing with reasonable diligence for the wrongful conversion of personal property could no longer assess the detriment presumable as at the highest market value between the conversion and the verdict, does not impair the obligation of contracts within the inhibition of the constitution of the United States.

Conversion.—A Law Changing a Rule of Presumption as to the Measure of Detriment to be claimed in an action for wrongful conversion does not deprive a plaintiff of a vested right.

Impairment of Contract.—A Law Directed at a Remedy Merely cannot be Said to impair the obligation of contracts, when the effect is not to take away all redress.

APPEAL from Twelfth Judicial District, San Francisco County.

---

*For subsequent opinion, see Tully v. Tranor, 53 Cal. 274.

Purdy & Harrison for respondent; Barber & Naphtaly for appellant.

McKINSTRY, J.—When this action was commenced, section 3336 of the Civil Code read:

"The detriment caused by the wrongful conversion of personal property is presumed to be,—1. The value of the property at the time of the conversion, with the interest from that time, or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and 2. A fair compensation for the time and money properly expended in pursuit of the property."

Prior to the trial of the cause in the district court the section was amended by striking out therefrom the words: "Or where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict without interest, at the option of the injured party."

There can be no reasonable doubt that the amendment was intended to be retrospective, and applicable to a case in which the conversion had occurred prior to its passage. The general language covers all cases of wrongful conversion; the expression "is presumed to be" indicates that it was intended to establish a legal presumption to operate, and which could only operate, at the trial of the cause; and section 286 of the amendatory act (Amendments to the Codes of 1873–74, p. 268) repeals all provisions of law inconsistent with the act. It is true the same section provides, "no rights acquired or proceedings taken under the provisions repealed shall be impaired, or in any manner affected by this repeal." But this only renders it the more apparent that—except as to the rights acquired or proceedings taken under the repealed law— the amendments were intended to operate retrospectively, so as to include all cases of previous conversions.

In the present case there is no question as to the validity of any proceedings prior to the time when the amendment to section 3336 took effect; nor can it be seriously claimed that the amendment—construed as applicable to plaintiff's case—

is repugnant to the constitution of the United States because violative of the "obligation of a contract."

The only question to be considered, therefore, is whether the plaintiff will be deprived of a vested right if the amendment be held to be applicable to his case. "A retrospective statute affecting and changing vested rights is very generally considered, in this country, as founded on unconstitutional principles, and consequently inoperative and void. But this doctrine is not understood to apply to remedial statutes, which may be of a retrospective nature, provided they do not impair contracts, or disturb absolute vested rights, and go only to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations": 1 Kent's Com. 455.

It may be assumed (for the purposes of this decision only) that plaintiff, having suffered an injury for which the existing law afforded him a remedy, could not have been deprived by legislative act of every means of redress. But the rule found either in the first or second clause of section 3336 of the Civil Code, as it stood prior to the amendment, is arbitrary. It does not purport to supply a standard by which exact compensation may be determined in every case. "The detriment shall be presumed to be"—that is to say—"it is impossible to determine the exact amount of injury; it cannot be said in a given case that the party injured would have retained his property until the date of the trial of the action had it not been converted; or that he would have sold at the highest price or lowest price. It is better then to fix the rule of damages, one in itself simple, and which on the whole shall approximate the actual damages."

We can conceive of no principle of constitutional law which is violated by a change in this rule, unless, at least, the new rule on its face deprives the party of every reasonable method of securing just compensation. No case has been referred to in which it has been held that to change the rule of damages in cases of tort was a deprivation of any vested right of one who had previously suffered the wrong, and we can see no reason why it should be so held, even if it should be made to appear in a particular case that the plaintiff would not recover as much as he would have done had the former rule been continued.

In the present case the district court did not find the value of the property at the time of the conversion, and it follows that the judgment and order are reversed and the cause remanded for a new trial.

We concur: Niles, J.; Rhodes, J.; Crockett, 'J.